

# NUMBERS 13-12-00432-CV & 13-12-00433-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE JOSE ALFREDO GARCIA

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion Per Curiam[1]

Relator, Jose Alfredo Garcia, pro se, filed a "Motion to Recuse Judge Lopez of the 404th District Court[,] Cameron County" referencing trial court causes of action 2011-DCL-04511, resulting in our cause number 13-12-00432-CV, and 2011-DCL-04788, resulting in our cause number 13-12-00433-CV. The pleading filed by relator is unclear regarding the procedural history of these two cases. Relator does not urge that he is appealing an adverse ruling or rulings, and the materials filed do not include a final judgment in either matter. The documents provided by relator do not meet the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

requirements for a notice of appeal. *See generally* TEX. R. APP. P. 25.1(a), (d). Accordingly, we construe relator's pleadings as petitions for writ of mandamus. As stated herein, we deny the petitions.

## I. STANDARD OF REVIEW

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

## II. APPLICABLE LAW

Under Texas Rule of Civil Procedure 18a, "[a]n order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment,"

2

whereas an order denying a motion to disqualify may be reviewed by mandamus and may be appealed in accordance with other law." *See* Tex. R. Civ. P. 18a(j)(1)(A), (2). Although the documents filed by relator reference both recusal and disqualification, the substance of the motion and the argument in the pleadings are directed at bias and impartiality, neither of which is a ground for constitutional disqualification. *See id.* 18b(a). Instead, impartiality, personal bias, and prejudice are grounds for recusal. *See id.* 18b(b). Accordingly, relator has an adequate remedy by appeal.

### III. Conclusion

The Court, having examined and fully considered the petitions for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. Accordingly, the petitions for writ of mandamus are DENIED. *See* Tex. R. App. P. 52.8(a).

PER CURIAM

Delivered and filed the
10th day of July, 2012.

3